## Commonwealth v. Heydt

*Louis M. Sager*, for Commonwealth.
*Robert Trucksess*, for defendant.

KNIGHT, P. J., March 7, 1955.—This petition is filed under the provisions of the Act of May 24, 1951, P. L. 402, which reads as follows:

"In any proceeding to establish paternity, the court, on motion of the defendant, shall order the

mother, her child and the defendant to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and the results of such tests may be received in evidence but only in cases where definite exclusion of the defendant is established."

Harold F. Heydt and Ida M. Heydt are husband and wife. On December 15, 1954, as of the above term and number, an order was made by this court directing Harold F. Heydt to pay the sum of $24 per week toward the maintenance and support of his wife, Ida, and his minor child, Patricia Frances Heydt.

Defendant questions that he is the father of the above-named minor child and filed this petition seeking a blood test.

An answer to the petition was filed and the case was argued before the court en banc.

The petition must be dismissed.

In the first place, this is not a proceeding to establish paternity, but a proceeding in the quarter sessions court for an order for support. In our opinion, the Act of 1951, supra, does not apply to such a proceeding.

In the second place Harold F. Heydt and Ida M. Heydt are husband and wife and were married to each other when Patricia Frances Heydt was born. Neither one of them could give any evidence of non-access or which would establish that the child was illegitimate.

In case a blood test were made, it could only be used in evidence if definite exclusion of defendant was established by the test. If we should require her to submit to a blood test it would in effect be compelling her to give evidence which would render her child illegitimate. This we do not think the court should do.

For the above reasons the petition must be dismissed.

And now, March 7, 1955, the petition is dismissed at the cost of petitioner.